**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **BRANDON CALLIER**, on behalf of himself and all others similarly situated,<br><br>  Plaintiff<br><br>  *versus*<br><br>**CHARTER COMMUNICATIONS INC dba SPECTRUM,** a Delaware Corporation<br><br>**Jane/John Doe**<br><br>  Defendant. | **Civil Action No. 3:24-CV-447**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

1

**INTRODUCTION**

Plaintiff BRANDON CALLIER (hereinafter "Mr. Callier"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Charter Communications Inc., dba Spectrum ("Spectrum") to stop their illegal practice of placing unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"). Mr. Callier alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by his attorney.

**PARTIES**

1. Plaintiff Brandon Callier (hereinafter "Mr. Callier") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Mr. Callier may be served any relevant papers via email to his counsel Omar Darwich at omar@darwichlegal.com.

3. Defendant Charter Communications Inc., dba Spectrum (hereinafter "Spectrum") is a corporation organized and existing under the laws of Delaware and can be served via its registered agent Corporation Service Company, DBA CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**JURISDICTION AND VENUE**

4. This action is brought by Mr. Callier pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331.

6. This Court has specific personal jurisdiction over the Defendants as they, upon information and belief, authorized telemarketers to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

7. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas.

## STATEMENT OF FACTS

8. Spectrum markets and sells internet, cable television, telephone and cell phone services throughout the United States.

9. Spectrum uses telemarketing phone calls containing prerecorded voice messages to promote their services.

10. Mr. Callier is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant made phone calls containing prerecorded messages to Mr. Callier's personal cell phone without Mr. Callier's express written consent.

12. Mr. Callier's telephone number 1845 is a residential number.

13. Mr. Callier's telephone number 1845 is used for personal purposes and is not primarily for any business purpose.

14. On August 27, 2024, Mr. Callier received a no ring voice mail containing a prerecorded voice call from phone number 458-500-8676.

15. The no ring voice mail deposited a prerecorded message onto Mr. Callier's cell phone stating, "Dear customer. This voicemail is to inform you that Spectrum is removing the 40% discount offer on your monthly bill. To reactivate this offer right now please call back on the number you see on your caller ID. Thank you."

16. The call was clearly pre-recorded because (a) there was a pause before the recording played, and (b) the robot had a generic and unnatural monotone voice.

17. On August 27, 2024, determined to uncover the identity of the caller who was illegally calling him, Mr. Callier called back 458-500-8676, the number left in the prerecorded message. Mr. Callier was connected to Spectrum's automated system but hung up the phone.

18. On September 4, 2024, determined to verify it was indeed Spectrum's system, Mr. Callier called back 458-500-8676. Mr. Callier was connected to an agent was answered by saying, "Thank you for calling Spectrum. This is (inaudible) how can I help you?"

19. The Spectrum representative solicited Mr. Callier for internet services.

20. Mr. Callier operates a tax preparation business that utilizes phone number 915-205-4972 ("4972 Number") as its business number.

21. On April 19, 2024, Mr. Callier received a ringless voicemail stating, "Dear customer, your Spectrum account has been removed from the 40% discount on the monthly bill. To reactivate this offer right now please call back the number displayed on the caller ID. Thank you."

22. On June 10, 2024, at 11:53 AM, Mr. Callier received the same ringless voicemail as in paragraph fifteen. The call came to the 4972 Number.

23. On September 5, 2024, at 11:11 AM, Mr. Callier received the same voicemail as in paragraph fifteen. The call came to the 4972 Number.

24. On October 31, 2024, Mr. Callier received a ringless voicemail to telephone number 4972 stating, "Hello, this is voicemail is from Spectrum. Your 50% discount is ending today and your bill will increase to the full amount if we do not hear from you by the end of the day."

25. Mr. Callier maintains a second personal telephone number ending in 4604 ("4604 Number").

26. Mr. Callier's 4604 Number was successfully registered on the National Do Not Call registry in December 2007.

27. Mr. Callier previously sued Spectrum in 2021 for unwanted phone calls in case EP-21-cv-00193-KC.

28. Spectrum was on full notice Mr. Callier's 4604 Number was on the National DNC Registry and Mr. Callier did not consent to any solicitation phone calls.

29. Mr. Callier received the following phone calls from Spectrum:

| Number: | Date | Time | Caller ID |
|---|---|---|---|
| 1 | 09/27/2024 | 12:58 PM | 937-637-8122 |
| 2 | 09/27/2024 | 2:24 PM | 937-637-8122 |
| 3 | 10/16/2024 | 1:41 PM | 937-637-8122 |
| 4 | 10/16/2024 | 2:59 PM | 937-637-8122 |
| 5 | 10/18/2024 | 2:55 PM | 937-637-8122 |
| 6 | 10/22/2024 | 7:46 AM | 937-637-8122 |
| 7 | 10/22/2024 | 1:27 PM | 937-637-8122 |
| 8 | 10/22/2024 | 1:41 PM | 937-637-8122 |
| 9 | 10/22/2024 | 2:48 PM | 937-637-8122 |

| 10 | 10/22/2024 | 3:25 PM | 937-637-8122 |
| 11 | 11/21/2024 | 9:28 AM | 937-637-8122 |
| 12 | 12/02/2024 | 7:23 AM | 866-588-3961 |
| 13 | 12/02/2024 | 7:24 AM | 866-588-3961 |
| 14 | 12/04/2024 | 12:22 PM | 833-677-3287 |
| 15 | 12/09/2024 | 8:12 AM | 937-637-8122 |
| 16 | 12/12/2024 | 7:41 AM | 937-637-8122 |
| 17 | 12/13/2024 | 9:59 AM | 937-637-8122 |
| 18 | 12/16/2024 | 1:24 PM | 937-637-8122 |
| 19 | 12/16/2024 | 2:26 PM | 937-637-8122 |

30. On November 21, 2024, Mr. Callier received a phone call from 937-637-8122. Mr. Callier answered the phone call, and the representative said, "Good morning. This is Will calling on behalf of Spectrum Business…I am happy to inform you that Spectrum Business is doing a special promotion." Mr. Callier went along with the call in order to determine who had made the ten phone calls from 937-637-8122 from September 27, 2024, to October 22, 2024.

31. Mr. Callier was enrolled with Spectrum internet service as a result of the phone call in paragraph 30.

32. Mr. Callier received an email from Spectrum Business, email address [MyAccount@spectrumemails.com](MyAccount@spectrumemails.com), confirming Spectrum as the source of the phone calls.

33. On November 18, 2024, Mr. Callier, through his counsel, emailed, upon information and belief, Spectrum alerting Spectrum of the unwanted phone calls.

34. On December 2, 2024, Mr. Callier received a phone call from phone number 866-588-3961. Mr. Callier answered the phone call and informed the agent it was 7:23 AM and not to call back.

35. On December 2, 2024, Mr. Callier immediately received another phone call from 866-588-3961 after making a DNC request one minute prior.

6

36. On December 4, 2024, Mr. Callier received a phone call from phone number 833-677-3287. Mr. Callier answered the phone, and a Spectrum employee attempted to verify an appointment. Mr. Callier delivered a Do Not Call Request.

37. Mr. Callier delivered written DNC requests on December 10, 2024,

38. On December 12, 2024. Mr. Callier received a phone call from 937-637-8122. Mr. Callier answered the phone, and the representative said, "This is Will. I am calling on behalf of Spectrum Business." Mr. Callier delivered another DNC request.

39. On December 13, 2024. Mr. Callier received a phone call from 937-637-8122. Mr. Callier answered the phone, and the representative said, "This is Will from Spectrum Business." Mr. Callier delivered another DNC request

40. Mr. Callier's privacy has been violated by the above-described prerecorded telemarketing call.

41. Mr. Callier never provided his consent or requested these calls.

42. Mr. Callier and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering the unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Allegations

43. Mr. Callier incorporates by reference all other paragraphs of this Complaint as if fully state herein.

44. Mr. Callier brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

45. Mr. Callier proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of Spectrum, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Mr. Callier.

**National Do Not Call Registry Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) telephone numbers were on the National Do Not Call Registry for at least 30 days, (3) but received more than one call from or on behalf of Spectrum (4) within a 12-month period

46. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Mr. Callier's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

47. Mr. Callier and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

48. The Class Action Complaint seeks injunctive relief and money damages.

49. The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

50. **Numerosity**: The exact number of the Class members is unknown and not available to Mr. Callier, but individual joinder is impracticable. On information and belief, Defendants have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

51. **Typicality**: Mr. Callier's claims are typical of the claims of other members of the Class, in that Mr. Callier and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited prerecorded phone calls.

52. **Adequate Representation**: Mr. Callier will fairly and adequately represent and protect the interests of the other members of the Class. Mr. Callier's claims are made in a representative capacity on behalf of the other members of the Class. Mr. Callier has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Mr. Callier has retained competent counsel to prosecute the case on behalf of Mr. Callier and the proposed Class. Mr. Callier and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

53. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Mr. Callier's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Mr. Callier.

54. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Mr. Callier and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

   a. Whether a pre-recorded message was used to send calls;

   b. Whether the pre-recorded calls at issue were made to Mr. Callier and members of the Classes without first obtaining prior express written consent to make the call;

   c. Whether Defendant's conduct constitutes violations of the TCPA;

   d. Whether members of the Robocall Class are entitled to treble damages based on the willfulness of Defendant's conduct.

   e. Whether multiple telemarketing telephone calls were made promoting the Defendant's goods or services to members of the National Do Not Call Registry Class; and

   f. Whether members of the National Do Not Call Registry Class are entitled to treble damages based on the willfulness of Defendant's conduct.

55. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

56. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief

from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

57. Mr. Callier, pursuant to local rules, shall move to certify this complaint as a Class Action.

58. Mr. Callier will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Mr. Callier's 'Motion to Certify.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS**

59. Mr. Callier realleges paragraphs one through fifty-eight and incorporates them herein as if set forth here in full.

60. The calls harmed Mr. Callier by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

61. The calls harmed Mr. Callier by trespassing upon and interfering with his rights and interests in his cellular telephone.

62. The calls harmed Mr. Callier by intruding upon his seclusion.

**First Cause of Action:**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice**
**(On behalf of and the TCPA Class)**

63.    Mr. Callier realleges paragraphs one through sixty-two and incorporates them herein as if set forth here in full

64.    Jane/John Doe placed telephone calls to Mr. Callier's and the Class members' cellular and/or residential telephones without having their prior express written consent to do so.

65.    The calls were made for the express purpose of soliciting customers for Defendant Spectrum's goods and services.

66.    When Mr. Callier and the Class answered, the calls played an artificial or prerecorded voice message to their cellular and/or residential phones as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

67.    As a result of its unlawful conduct, Defendant repeatedly invaded Mr. Callier's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

68.    Defendant's telemarketer and/or their agents made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

69.    If the court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**Second Cause of Action:**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c)**

**(On behalf of Plaintiff and the TCPA Class)**

70. Mr. Callier realleges paragraphs one through sixty-nine and incorporates them herein as if set forth here in full

71. The Defendant violated the TCPA and its Implementing Regulations by making two or more telemarketing calls within a 12-month period to Mr. Callier and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

72. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Mr. Callier and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

73. Mr. Callier and Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

74. Mr. Callier and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting Spectrum from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Callier, individually and on behalf of the Class prays for the following relief:

A. An order certifying the Class as defined above, appointing Mr. Callier as the Class representative and appointing his counsel as Class Counsel (after Mr. Callier files his respective motion pursuant to this Court's local rules);

B. An order declaring that the Defendant's actions, as set out above, violate 227(b) of the TCPA;

C. An order declaring that the Defendant's actions, as set out above, violate 227(b) of the TCPA willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227(b) for each unintentional violation;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(b) for each intentional violation;

F. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA willfully and knowingly;

G. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

H. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation

I. An injunction requiring Defendant to cease sending all unlawful calls;

J. An award of reasonable attorneys' fees and costs; and

K. Such further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

Mr. Callier requests a trial by jury of all claims that can be so tried.

Dated this 18th day of December 2024.

Respectfully Submitted,

15

                                                  The Darwich Law Firm, LLC
                                                  /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

10921 Pellicano Dr, #100
El Paso, TX 79935

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**

**VERIFICATION STATEMENT**

I, Brandon Callier, hereby state under oath that I am the Plaintiff in this dispute, that I have read the foregoing complaint, and that it is are true and accurate to the best of my knowledge and belief, except as to matters stated on information and belief, and that as to those matters I believe to be true.

I declare under penalty of perjury that the foregoing verification is true and correct to the best of my knowledge and belief, and as to any matter stated on belief, I believe such to be true.

Dated this 18th day of December 2024.

                                      /s/Brandon Callier /
                                      Brandon Callier